FILED
 2010 Nov-22  AM 10:05
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOSE ANGEL SALAZAR,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 5:10-cv-433-CLS |
| | ) |
| **MICHAEL J. ASTRUE,** Commissioner, Social Security Administration, | ) ) ) |
| | ) |
| **Defendant.** | ) |

### ENTRY OF JUDGMENT UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND ORDER OF REMAND

Claimant Jose Salazar commenced this action on March 1, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly discredited the opinion of Dr. Erin Smith, the psychological examiner, and that the Appeals Council did not properly consider an assessment by Dr. Donna Scott, claimant's treating psychiatrist.[1] Upon review of the record, the court concludes that claimant's second contention has merit.

Claimant argues that the Appeals Council erred in failing to overturn the ALJ's decision after receiving additional evidence in the form of a report from Dr. Donna Scott, claimant's treating psychiatrist, on June 25, 2009. Dr. Scott's report is dated February 10, 2009, approximately two months prior to the ALJ's written decision. Claimant cannot explain why his attorneys waited more than four months to submit the report.

Dr. Scott stated that claimant suffered marked limitations in activities of daily living; social functioning; concentration, persistence and pace; responding to customary work pressures; understanding, carrying out and remembering instructions; responding appropriately to supervision; and responding appropriately to co-workers. He would suffer only moderate limitations in performing simple and repetitive tasks.

---

[1] Claimant's only arguments on appeal concern his mental impairments.

Dr. Scott also stated that claimant had reported the above limitations for more than twelve months, but could not determine the earliest date the symptoms developed.[2] The Appeals Council considered Dr. Scott's assessment,[3] but nonetheless denied claimant's request for review because it "found no reason under our rules to review the Administrative Law Judge's decision."[4]

Because Dr. Scott's assessment was submitted for the first time to the Appeals Council, the court must consider whether remand is warranted under "sentence four" of 42 U.S.C. § 405(g), not "sentence six" of that statute. As the Eleventh Circuit has observed:

> "Section 405(g) [of the Social Security Act] permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" *Ingram* [*v. Commissioner of Social Security Admnistration*]*,* 496 F.3d [1253,] 1261 [(11th Cir. 2007)]. A sentence four remand, as opposed to a sentence six remand, is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." *Ingram,* 496 F.3d at 1269. Under a sentence four remand, when a claimant has submitted evidence for the first time to the AC, the claimant is not required to show good cause. *See Melkonyan v. Sullivan,* 501 U.S. 89, 99-100, 111 S. Ct. 2157, 2164, 115 L. Ed. 2d 78 (1991) (recognizing "Congress' explicit delineation in § 405(g)" between sentence four and sentence six remands and noting that a court may remand under sentence six "only if the claimant shows good cause for failing to present the evidence earlier"); *see also Ingram,* 496 F.3d at 1258 (recognizing that we

---

[2]*See* doc. no. 8, at Exhibit 1 (February 10, 2009 report of Dr. Scott).

[3]*See* Tr. at 4.

[4]Tr. at 1.

> have previously "mistakenly stated that evidence first presented to the Appeals Council could be considered by the court only if the applicant had good cause for not presenting it earlier to the administrative law judge.").

*Smith v. Astrue,* 272 Fed. Appx. 789, 802 (11th Cir. 2008) (first bracketed alteration and ellipses in original, second bracketed alteration added). Thus,

> [w]hen a claimant submits new evidence to the AC, the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith,* 272 Fed. Appx. at 802.

Dr. Scott's assessment clearly relates back to the time period on or before the date of the ALJ's decision, because it is dated two months prior to the administrative decision. Further, the court concludes that, if the Appeals Council had properly considered Dr. Scott's report, it would have concluded that the ALJ's decision was not supported by substantial evidence. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the]

4

treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Here, Dr. Scott's assessment was consistent with the majority of the records from the North Alabama Mental Health Center.

During his first visit to the Mental Health Center of Madison County on May 10, 2007, claimant reported to Dr. Regina Doody that he experienced "intermittent depression." He denied any present suicidal ideation, but he had attempted suicide three times in the past. He also had a history of cutting himself as a teenager, but there is no indication that those tendencies still were present in May of 2007. He did, however, report sometimes hearing people calling his name. Claimant was cooperative during Dr. Doody's examination, and his speech was normal. His thought processes were logical and goal-oriented; his mood was anxious; his thought content was normal except for hallucinations; and his affect was appropriate. He was fully oriented, and, while his recent memory was fully intact, his remote memory was impaired. His attention span and concentration were "mildly impaired," and his fund of knowledge, abstract thought, judgment, and insight all were adequate. Claimant thought his biggest problem was hyperactivity. Dr. Doody assessed him with that condition, as well as depression with psychotic features, post traumatic stress disorder, and possible bipolar disorder. She prescribed medication to treat him.[5]

Claimant continued to complain of hallucinations, anger, racing thoughts, sleep

---

[5]Tr. at 383-86.

disturbances, and disturbed mood on subsequent visits to the Mental Health Center. He also noted sadness, worthlessness, inability to concentrate, anxiety, and panic attacks. While he did not make each of those complaints on every visit, the Mental Health Center records as a whole reflect that claimant's condition did not improve over time. Claimant attempted to take college classes, but he was unable to complete them because he could not concentrate. He even reported sometimes being so overwhelmed and anxious that he would vomit. These notes are not so inconsistent with Dr. Scott's assessment of marked limitations that the opinion of the treating psychiatrist should be fully discredited.

As the Appeals Council should have found that the ALJ's decision was not supported by substantial evidence, remand is warranted for the ALJ to fully consider Dr. Scott's assessment and determine whether, in light of the limitations imposed by that assessment, claimant is able to perform substantial gainful activity on a sustained basis. The ALJ should order additional consultative examinations if he thinks doing so would be helpful to assess claimant's mental limitations.[6]

The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

---

[6]The present consultative examination by Dr. Erin Smith is not particularly helpful because Dr. Smith, a psychologist, relied primarily upon claimant's physical impairments in assessing his work-related abilities.

The Clerk of Court is directed to close this file.

DONE this 22nd day of November, 2010.

                                          _____
                                        United States District Judge